NOT DESIGNATED FOR PUBLICATION

No. 121,670

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FOREST CHARLES DILLON,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed May 1, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Forest Dillon received probation following his conviction for animal cruelty, subject to a one-year jail term if his probation was ever revoked. One month after sentencing, the State alleged that Dillon had violated seven conditions of his probation. Dillon admitted to the violations, which included his failure to complete substance-abuse and mental-health evaluations, to submit drug-and-alcohol tests, to provide proof of employment, and to attend probation appointments. The district court revoked Dillon's probation and ordered that he serve the 159 days left on his 1-year jail sentence. On appeal, Dillon argues that the district court abused its discretion in revoking probation and imposing the underlying sentence.

Before we consider Dillon's argument, we must review the legal rules applicable to probation revocation. A district court's decision to revoke probation must be based on a factual finding that a condition of probation has been violated. Once a violation has been established, the decision to revoke probation is within the discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008); see *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). Unless the district court has made a legal or factual error, we may find an abuse of discretion only when no reasonable person would agree with the decision made by the district court. *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017).

The district court's discretion can be limited by the statutes governing probation revocation. In Dillon's case, he had been convicted of animal cruelty, and a statute, K.S.A. 2018 Supp. 22-3716(b)(3)(B), specifically applied to probation violations by someone convicted of that offense. After finding a violation, that statute provided that the district court could (1) continue or modify probation and impose up to a 60-day jail sanction, (2) impose a 2- or 3-day jail sanction, or (3) revoke probation and require that the defendant serve the imposed or a lesser sentence. K.S.A. 2018 Supp. 22-3716(b)(3)(B). In our case, the district court went with the last option—it revoked Dillon's probation and ordered him to serve the rest of his underlying jail sentence.

So the specific order entered by the district court was authorized by the applicable statute. That leaves us with a single question: did the district court abuse its discretion when it picked that third option? The court abuses its discretion only if it commits legal or factual error, or if its decision was unreasonable. *Jones*, 306 Kan. 948, Syl. ¶ 7. Dillon has alleged no legal or factual error, so he must show that the court's decision was unreasonable.

But we find nothing unreasonable about the district court's decision to revoke Dillon's probation. Dillon showed that he was not a good candidate for probation within a

month of receiving it. Although this was Dillon's first violation, he violated a slew of conditions in a short period. A reasonable person could agree with the district court that these violations showed that he was not taking probation seriously. So we find no abuse of discretion in the district court's decision to revoke probation and order Dillon to serve the rest of his underlying jail sentence.

On Dillon's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Dillon's probation.

We affirm the district court's judgment.